**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HARRY JACOBS,

       Plaintiff,

v.                                                 Case No: 6:21-cv-890-RBD-LHP

CHARTER COMMUNICATIONS, INC. and SPECTRUM SUNSHINE STATE, LLC,

       Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: PLAINTIFF HARRY JACOBS' UNOPPOSED MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS (Doc. No. 48)**
>
> **FILED:** October 31, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART AS MOOT**.

**I.     INTRODUCTION**

On April 21, 2021, Plaintiff Harry Jacobs filed a complaint in state court alleging claims of declaratory judgment and specific performance relating to an Agreement Jacobs entered into with Storer Communications, Inc., that provided Jacobs with various free cable and mobile phone services and equipment throughout Jacobs' lifetime (the "Agreement").  Doc. No. 1, Doc. No. 1-1.  Through a series of acquisitions and mergers, Defendant Charter Communications, Inc., ("Charter") eventually became a successor and assign to the Agreement, however Jacobs alleged that Charter refused to honor its obligations under the Agreement.  Doc. No. 1, ¶¶ 8-15.  On May 21, 2021, Jacobs filed an amended complaint in state court that added a second Defendant, Spectrum Sunshine State, LLC ("Spectrum"), an entity through which Charter provides mobile phone services.  Doc. No. 1-1, at 8-14.

That same day, Charter and Spectrum removed the case to this Court based upon diversity jurisdiction.  Doc. No. 1.  The operative pleading throughout the remainder of the litigation in this Court was the Second Amended Complaint, filed on September 10, 2021.  Doc. No. 21.  That pleading alleged the same two counts as before, against both Charter and Spectrum.  *Id.*  The case proceeded in the normal course, and on October 17, 2022, the Presiding District Judge denied Charter's and Spectrum's motion for summary judgment and granted summary

judgment in favor of Jacobs and against Charter and Spectrum as to Jacobs' declaratory judgment claim. Doc. No. 45. Judgment was entered accordingly in Jacobs' favor on October 19, 2022. Doc. No. 46.[1]

On October 31, 2022, Jacobs filed his proposed bill of costs in the amount of $3,928.00, which the Clerk taxed on December 5, 2022. Doc. Nos. 47, 51. Neither Charter nor Spectrum have ever filed any objections to the taxed costs, and the time to object has long expired. *See* Fed. R. Civ. P. 54(d)(1). Thus, taxable costs have already been awarded to Jacobs.

The same day that he filed his proposed bill of costs, Jacobs also filed the present motion seeking an order that he is entitled to attorneys' fees and costs pursuant to Local Rule 7.01. Doc. No. 48. *See also* Doc. No. 45, at 9, n. 6. Jacobs estimates his attorneys' fees at $146,277.00, and also requests $3,928.00 in taxable costs, and $2,103.82 in nontaxable costs. Doc. No. 48, at 6. The Local Rule 3.01(g) certification states that the motion is unopposed, neither Charter nor Spectrum have filed a response to the motion, and the time to do so has expired. Accordingly, the motion is deemed unopposed. *See id.*, at 7; Local Rule 3.01(c).

---

[1] Charter and Spectrum have filed a notice of appeal, (Doc. No. 49), and it appears that the appeal is still pending. However, no party has argued that resolution of the issue of fees and costs should be delayed pending a final determination of the appeal.

The motion (Doc. No. 48) has been referred to the undersigned, and it is ripe for review. For the reasons discussed below, the undersigned will respectfully recommend that the motion be granted in part and denied as moot in part.

## II. ANALYSIS

As an initial matter, the undersigned finds that Jacobs' motion is timely-filed and complies with the procedural requirements of Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.01(b). Judgment was entered on October 19, 2022, and Jacobs filed the present motion on October 31, 2022, within the mandated 14-day period. Doc. Nos. 46, 48. The motion also contains all of the information required by both rules. *See* Doc. No. 48. However, the undersigned finds that part of the motion is due to be denied as moot. In his motion, Jacobs is seeking entitlement to $3,928.00 in taxable costs, (Doc. No. 48, at 6), but this entire amount of costs has already been taxed by the Clerk, without objection from Charter or Spectrum. Doc. No. 51. Accordingly, I will respectfully recommend that any requests for entitlement to taxable costs be denied as moot. *See also* Fed. R. Civ. P. 54(d)(2) and Local Rule 7.01(a) (both of which only discuss awards of "related non-taxable expenses").

Turning now to Jacobs' request for entitlement to attorneys' fees and non-taxable expenses, the undersigned will recommend that Jacobs' request be granted. Because this is a diversity jurisdiction case, *see* Doc. No. 1, the undersigned looks to

the substantive law of the forum state – in this case Florida – to determine entitlement to attorneys' fees and costs. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) ("[S]tatutes allowing for recovery of attorney's fees are substantive for *Erie* purposes."). "In Florida, attorney's fees may be charged against a party only when provided for by contract or by statute." *TA Chen Int'l, Inc. v. Benada Aluminum Prod., LLC*, No. 6:20-cv-659-PGB-EJK, 2021 WL 7541514, at *1 (M.D. Fla. June 1, 2021) (quoting *P.A.G. v. A.F.*, 602 So. 2d 1259, 1260 (Fla. 1992)). To that end, "[p]rovisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *Kelly v. Lee Cty. R.V. Sales Co.*, No. 8:18-cv-424-T-27JSS, 2021 WL 679258, at *3 (M.D. Fla. Feb. 22, 2021) (quoting *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)).

Here, it is clear that attorneys' fees are provided for by the Agreement:

> In the event that any one or more of the individuals benefitted by this Agreement and named in paragraph 1 above shall bring any successful legal action to enforce this Agreement, the undersigned, their successors and assigns, jointly and severally, shall be liable to such individual(s) for reasonable attorney's fees and costs incurred in such action.

Doc. No. 21, at 9.[2]

---

[2] This fees provision appears to be unilateral in nature, however this does not render the provision unenforceable. *See* Fla. Stat. § 57.105(7) ("If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action

- 5 -

It is equally clear that this case involved the interpretation and enforcement of the Agreement, and whether Charter and/or Spectrum were obligated to abide by the terms of the Agreement. Doc. Nos. 21, 45. It is also undisputed that Jacobs is a prevailing party in this contract enforcement action by virtue of the entry of judgment in his favor as to his declaratory judgment claim. Doc. Nos. 45-46. *See also PNC Bank, N.A. v. Colonial Bank, N.A.*, 451 F. App'x 835, 837 (11th Cir. 2012) ("Under Florida law, the prevailing party is identified by its success on the overarching claims, not the individual argument advanced." (citing *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th Dist. Ct. App. 2007)));[3] *TA Chen Int'l*, 2021 WL 7541514, at *1 (finding plaintiff prevailing party based on order granting summary judgment in plaintiff's favor). Neither Charter nor Spectrum make any argument to the contrary, nor do they argue that the attorneys' fees provision is otherwise unenforceable. Moreover, Charter and Spectrum previously stipulated that they are bound by the terms of the Agreement. Doc. No. 31, at 12-14; Doc. No. 32, ¶ 5; Doc. No. 45, at 5, n. 3.

---

to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."). In any event, no Defendant has challenged the fees provision.

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Based on these undisputed facts, the undersigned finds that Jacobs is entitled to an award of fees and non-taxable expenses under the clear terms of the Agreement. Therefore, the undersigned will recommend that the attorneys' fees and costs provision be enforced, and that the Court find Jacobs entitled to an award of reasonable fees and related non-taxable expenses. *See Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1321 (11th Cir. 2001) ("When the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fees provision in the parties' contract." (citing *Pelican Bay Homeowners Ass'n Inc. v. Sedita*, 724 So. 2d 684, 685 (Fla. 5th Dist. Ct. App. 1999))).

### III. RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** the Court:

(1) **GRANT IN PART AND DENY AS MOOT IN PART** Plaintiff Harry Jacobs' Unopposed Motion for Entitlement to Attorneys' Fees and Costs (Doc. No. 48);

(2) **FIND** Plaintiff entitled to an award of reasonable attorneys' fees and non-taxable expenses;

(3) **DIRECT** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount of fees and non-taxable expenses to be awarded to Plaintiff; and

(4) **DENY AS MOOT** Plaintiff's motion (Doc. No. 48) in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 13, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy